[Civ. No. 46058. Second Dist., Div. Five. Jan. 27, 1976.]

RICHARD KEATHING MARTIN, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES,
Defendant and Respondent.

904

## COUNSEL

Goldin & Goldin and Martha Goldin for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Martin H. Milas, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**STEPHENS, J.**—The "Statement of the Case and the Facts" as set forth in appellant's brief is adopted for the purposes of this opinion.

This is an appeal from a judgment denying a peremptory writ of mandate to compel respondent, Department of Motor Vehicles, to annul its order suspending appellant Richard Keathing Martin's driver's license.

Appellant was arrested for alleged drunk driving. On or about May 7, 1974, an accusation was filed with respondent charging appellant with willful refusal, in violation of California Vehicle Code section 13353, to submit to one of three chemical tests to determine his blood alcohol content and seeking the suspension and revocation of appellant's driver's license. Appellant requested and received a formal hearing on said charges. Following the hearing, respondent's hearing officer made findings, inter alia, that appellant was arrested lawfully and that the police had reasonable cause to believe that he was driving under the influence of alcohol. On November 1, 1974, an order of suspension was issued.

Appellant filed a petition for writ of mandamus and the cause was set for hearing. After hearing, the court adopted respondent's findings, and additionally, found that at the time of appellant's arrest and alleged violation of Vehicle Code section 13353, he "was accompanied by a

person whose name and address he did not know [who] was a percipient witness to the facts relevant to reasonable cause to arrest, . . . [appellant] at the time of his arrest requested the arresting officers to obtain the name and address of the witness . . . [appellant] himself was under restraint and could not himself at that time obtain the name and address of said witness, . . . the arresting officers refused and declined to obtain or attempt to obtain the name and address of said witness, although such could have been done with nominal effort and insignificant expenditure of time, . . . instead the arresting officer called a taxi for the witness and allowed her to leave without obtaining her name and address, . . . [appellant] does not have available to him said name and address."

The court discharged the alternative writ and denied the peremptory writ of mandate and entered judgment in favor of respondent. Appellant duly and timely filed a notice of appeal. By stipulation and order of this court, the administrative decision and suspension of appellant's driver's license have been stayed during the pendency of this appeal.

Appellant poses what he terms the "central issue" as follows:

"The central issue here is simple and direct: Is a licensee deprived of due process of law at a license revocation hearing because he has been deprived of a percipient witness on material issues, by the deliberate act of the arresting police officer and principal witness against him?"

Before addressing ourselves to the posed "central issue" it is well to set forth the scope of the hearing and the principal evidence before the hearing officer of the Department of Motor Vehicles. The hearing officer enumerated the issues before him as follows:

"The scope of this hearing is limited to the following issues, which include all necessary subordinate issues, the first of which is whether the officer had reasonable cause to believe that Mr. Martin had been driving a motor vehicle upon the highway while under the influence of intoxicating liquor. The second is whether Mr. Martin was lawfully arrested. The third issue is whether Mr. Martin was told that his driving privilege would be suspended for a period of six months if he refused to submit to or failed to complete a chemical test of the alcoholic content of his blood. And the fourth issue is whether Mr. Martin refused to submit to or failed to complete a test of his blood, breath or urine to determine the alcoholic content of his blood after being requested to do so by a peace officer. ¶ Counsellor, do you wish to stipulate to any of the four issues?"

By stipulation the issues were reduced to three: (1) reasonable cause, (2) lawfulness of the arrest and (3) the issue of refusal. The sole issue raised before us is whether the appellant was denied due process by the failure to obtain the name of the witness.

One of the arresting officers testified. In summary, he stated that appellant's car was first observed about 2 a.m., and it was proceeding in a 35-miles-per-hour zone at approximately 45 miles per hour. The car was seen to weave from the marked lane "westbound # 1" lane over into the marked lane "westbound #2" lane and this occurred two or three times. After stopping appellant and arriving at the driver's window, the officer detected a strong odor of alcohol, and appellant was requested to step out of his car. Appellant was stated to be unsteady on his feet, gait unsteady, flushed of face, eyes watery, speech slurred and a breath that smelled strongly of alcohol. The arrest was then made for driving while under the influence of intoxicating liquor. A field sobriety test was requested of appellant and he refused, saying: "I'm not going to take your silly test." Appellant was then transported to a police station where he was asked to choose and take one of the chemical tests and was told of the revocation of his license by refusal to comply. Appellant refused to take any of the tests and said: "I don't care about my license. I'll get a chauffeur."

Appellant testified in his own behalf, stating that he had had one or two drinks at about 5:30 p.m. prior to dinner on an airplane. He arrived at a bar on Fairfax Avenue about 12:30-12:45 a.m., and had one Irish coffee, met two women and took them in his car, delivering one to her residence. The other woman was with appellant at the time of arrest and though requested to do so, the police failed to obtain her name and address so she could be called as a witness. The request as framed by appellant was: "I requested on several occasions that—that they take the name of this girl. I also asked them on several occasions that she witnessed what I had to drink, at the bar. She was there when I arrived."

Appellant was asked by his counsel: "Now, when you were—then, it's your testimony that, when you were driving your vehicle on the street, as described by the officer—that was described by the officer, that you were not at the time intoxicated or under the influence of alcohol?" The answer was: "Absolutely not."

Prior to submitting appellant's case before the hearing officer, a demand was made for the name of the woman companion of appellant. When the name was not forthcoming, counsel for appellant stated:

"Well, that being the case, I would indicate that the State has effectively deprived Mr. Martin of a defense as to one of the issues of whether or not he was intoxicated. There was a percipient witness who was in his company at a time—for a considerable time prior to the contact with the police officer. That witness could have been produced and could have given testimony concerning Mr. Martin's condition. The officer's own testimony does not make a—the stock . . . that involves a suspicion of drunk driving—clearly four-lane changes . . . and they weren't—didn't appear to be of great . . . in the four-block area on the narrow street—early in the morning when there's no other cars around, there's not the usual weaving back and forth we experience so frequently in these reports. The officer, I think, puts his credibility in doubt when he tells us here that he observed a strong odor of alcohol, yet doesn't put it into the report. Basically, however, I feel there's been due process deprivation here in that the State has by its own action deprived Mr. Martin of a necessary witness."

It was upon this evidence that the judge hearing the mandate proceeding found the facts as earlier set forth in this opinion. In addition, the judge correctly stated: " . . . [I]t is noted that the [appellant] did not himself contradict the testimony of the arresting officer which showed probable cause ([appellant] denied that he was drunk, but he did not deny showing the symptoms which the arresting officer relied on for probable cause)."

■ We recognize that a defendant in a criminal case may limit the scope of examination by testifying to specific issues and not as to others. ■ The Department of Motor Vehicles hearing was not a criminal hearing, however. ■ In any event, the stated limited purpose for desiring the testimony of the unnamed witness was to establish what appellant had had to drink at the bar. This evidence would be of considerable importance at the time of trial on the charge of driving under the influence but of minimal value as it relates to probable cause. In the absence of some offer of proof bearing directly on the issue of probable cause and lawfulness of arrest, there was no error in the findings of the hearing officer and by the trial court.

We have examined the cases relied upon by appellant and concluded that they are inapplicable to the case before us. ■ Where there is a claim of denial of due process by "suppression" of evidence, that evidence must be shown to be material and of some substantiality. (*People* v. *Ruthford,* 14 Cal.3d 399, 409 [121 Cal.Rptr. 261, 534 P.2d 1341].)

■ We need not condone the action of the police under the circumstances of this case to affirm. The appellant was lawfully arrested. He refused to submit to one of the three tests available under Vehicle Code section 13353. The law does not prejudge the guilt or innocence of a lawfully arrested driver suspected of being under the influence of alcohol. The law does require such a person to make a choice between forfeiting his driver's license or submitting to one of the three tests. The wisdom of such a requirement need not be analyzed, for the legislation has long since been held constitutionally valid. (See *People* v. *Kraft,* 3 Cal.App.3d 890 [84 Cal.Rptr. 280] and cases therein cited.)

Appellant's contention really is that a person, lawfully arrested but believing himself innocent of the charges, can refuse the tests with impunity where defense evidence as to his being under the influence of alcohol has been suppressed. There just cannot be any merit to such argument. Once the legality of the arrest is conceded, or established, the obligation is upon that individual involved to choose: (1) take one of the tests or (2) forfeit the driver's license.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 24, 1976.